**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JASON BRISMAN,**

                              **Plaintiff,**

        **vs.**                                                    **9:15-CV-466**
                                                                   **(MAD/TWD)**

**VOLPE,** *Sergeant, Auburn Correctional Facility***;**
**TRAVIS,** *Correction Officer, Auburn Correctional*
*Facility***; REILLY,** *Sergeant, Auburn Correctional*
*Facility***; SHELLS,** *Correctional Officer, Auburn*
*Correctional Facility***; KIRKWOOD,** *Correctional*
*Officer, Auburn Correctional Facility***; and LUPO,**
*Correctional Officer, Auburn Correctional Facility***,**

                              **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**JASON BRISMAN**
**95-A-6077**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                  **MICHAEL G. MCCARTIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

                              **ORDER**

        Plaintiff, an inmate in the custody of the New York State Department of Corrections and

Community Supervision, commenced this action on April 17, 2015 pursuant to 42 U.S.C. § 1983,

alleging that Defendants violated his civil rights.  In his complaint, Plaintiff alleges that

Defendants Volpe, Travis, Reilly, Shells, Lupo, and Kirkwood used excessive force in violation

of the Eighth Amendment and retaliated against him for engaging in protected conduct in

violation of the First Amendment. *See* Dkt. No. 1.[1] Specifically, Plaintiff alleges that, among other things, he was assaulted on June 6, 2014, August 9, 2014, August 19, 2014, and September 12, 2014.

Currently pending before the Court is Defendants' motion to dismiss Plaintiff's excessive force claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which Plaintiff has opposed. *See* Dkt. No. 21. In a July 18, 2016 Report-Recommendation and Order, Magistrate Judge Dancks recommended that the Court grant Defendants' motion and dismiss Plaintiff's excessive force claims without prejudice. *See* Dkt. No. 38. Magistrate Judge Dancks specifically found that, as to the June 6, 2014 assault, Plaintiff failed to allege the type or degree of force used, or identify the officers who alleged used force. *See id.* at 7. As to the claims of excessive force against Defendant Travis arising out of the August 9 and 19, 2014 incidents, the Report-Recommendation and Order found that the alleged incidents "are not sufficiently wanton to rise to the level of an Eighth Amendment violation." *Id.* at 8. Magistrate Judge Dancks recommended that the Court find that, even if Plaintiff's complaint could be read to plausibly allege that Defendant Travis acted maliciously, Plaintiff has alleged only a *de minimis* injury as to these incidents. *See id.* at 9. Finally, as to the September 12, 2014 incident, Magistrate Judge Dancks found that Plaintiff's complaint and opposition provide even fewer facts as to this incident and, therefore, has not plausibly alleged an excessive force claim. *See id.* at 9-11.

In a document dated August 30, 2016, which the Court has construed as "objections" to the Report-Recommendation and Order, Plaintiff first sets forth his understanding of the recommendations made by Magistrate Judge Dancks. *See* Dkt. No. 39 at 1-2. As Plaintiff

---

[1] Plaintiff named twenty-seven employees of DOCCS as Defendants in his complaint. *See* Dkt. No. 1. Upon initial review, the only remaining claims are Plaintiff's Eighth Amendment excessive force and First Amendment retaliation claims against the above named Defendants. *See* Dkt. No. 9.

correctly relates, Magistrate Judge Dancks recommended that the Court dismiss Plaintiff's excessive force claims without prejudice (with leave to amend). *See id.* Further, Plaintiff correctly indicates that, assuming this Court accepts the recommendation, his two First Amendment retaliation claims were not subject to dismissal and are still pending. *See id.* Thereafter, Plaintiff asks the Court for assistance in seeking a preliminary injunction. *See id.* at 2. Plaintiff claims that he is seeking a preliminary injunction because he had a filling knocked out by correctional staff in November that has still not been replaced. *See id.* Plaintiff further indicates that he has been having problems with his right eye since the filing of his complaint and has not received appropriate eye wear from medical staff at his facility despite his requests. *See id.* at 3. Further, Plaintiff alleges that his religious packages and other "incoming mail are constantly being tampered with, legal mail as well." *Id.* at 3-4. Plaintiff claims that he has brought these issues to the attention of prison officials and filed grievance, but has not found any redress. *See id.* at 4.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See*

*Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed Magistrate Judge Dancks' Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the Court should grant Defendants' motion to dismiss Plaintiff's excessive force claims. As Magistrate Judge Dancks correctly determined, as to the June 6, 2014 incident, Plaintiff failed to allege the type or degree of force used or identify the officers who allegedly used the excessive force. Further, as to the August 9 and 19, 2014 incidents, Plaintiff failed to plausibly allege that Defendant Travis acted maliciously or that he suffered more than a *de minimis* injury. Finally, as to the September 12, 2014 incident, liberally construed, Plaintiff has failed to allege that any force was used against him. As such, the Court finds that Magistrate Judge Dancks correctly determined that the Court should grant Defendants' motion and dismiss Plaintiff's excessive force claims.

As mentioned, in his "objections," Plaintiff asks the Court for assistance in obtaining a preliminary injunction. *See* Dkt. No. 39. The Court notes that the events at issue in the present matter occurred while Plaintiff was housed at Auburn Correctional Facility. On June 11, 2015,

Plaintiff filed a change of address indicating that he was moved to Southport Correctional Facility. *See* Dkt. No. 8. Further, on October 23, 2015, Plaintiff was moved to Clinton Correctional Facility. *See* Dkt. No. 32. Finally, on September 4, 2016, Plaintiff was moved to Upstate Correctional Facility. *See* Dkt. No. 41. To the extent that Plaintiff is seeking injunctive relief against staff at Auburn Correctional Facility, Southport Correctional Facility, or Clinton Correctional Facility, those requests are moot because he is no longer housed at those facilities. Further, to the extent that Plaintiff is seeking injunctive relief over individuals who are not parties to the currently litigation, such relief is beyond the Court's jurisdiction. *See Haden v. Hellinger*, No. 9:14-cv-318, 2016 WL 589703, *2 (N.D.N.Y. Feb. 2, 2016) (citing cases). As such, to the extent that Plaintiff's objections can be construed as a request for injunctive relief, the request is denied.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' partial motion to dismiss (Dkt. No. 21) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's excessive force causes of action are **DISMISSED** with leave to amend; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 19, 2016
     Albany, New York

Mae A. D'Agostino
U.S. District Judge