**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JASON BRISMAN,**

                                **Plaintiff,**

    vs.                                                   **9:15-cv-00466**
                                                           **(MAD/TWD)**

**VOLPE,** *Sergeant, Auburn Correctional Facility*, **TRAVIS,** *Correctional Officer*, **REILLY,** *Sergeant, Auburn Correctional Facility,*

                                **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**JASON BRISMAN**
95-A-6077
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**          **MICHAEL G. McCARTIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     *Pro se* Plaintiff Jason Brisman ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this civil rights action pursuant to 42 U.S.C. § 1983 asserting claims arising out of his confinement at Auburn Correctional Facility ("Auburn C.F."). *See* Dkt. No. 1. On initial review pursuant to 28 U.S.C. § 1915A, numerous claims and Defendants were dismissed. *See* Dkt. No. 9. However,

Plaintiff's Eighth Amendment excessive force and First Amendment retaliation claims against Defendants Volpe, Travis, Reilly, Shells, Kirkwood, and Lupo were found sufficient to survive initial review and required a response. *See id.*

Thereafter, Plaintiff's Eighth Amendment claim was dismissed with leave to amend. *See* Dkt. No. 42. By letter dated November 17, 2016, Plaintiff advised the Court that he had elected not to file an amended complaint. *See* Dkt. No. 48. As such, only Plaintiff's First Amendment retaliation claims remain.

On July 11, 2017, Defendants Kirkwood and Reilly moved for summary judgment. *See* Dkt. No. 54. Defendants Kirkwood and Reilly claim that summary judgment is warranted because Plaintiff admitted during his deposition that he did not know if either Kirkwood or Reilly "tackled [him] into the wall" on June 6, 2014. *See* Dkt. No. 54-5 at 4-9.

In a February 9, 2018 Order and Report-Recommendation, Magistrate Judge Dancks recommended that the Court deny Defendant Kirkwood and Reilly's motion for summary judgment. *See* Dkt. No. 63. Magistrate Judge Dancks acknowledged that Plaintiff did testify at his deposition that he was not positive that it was Defendants Kirkwood and Reilly who tackled him into the wall. *See id.* at 9. The report further notes, however, Plaintiff testified that he knew that Defendant Kirkwood was behind him with Defendant Reilly when he was tackled into the wall. *See id.* As such, Magistrate Judge Dancks found that their presence behind Plaintiff, immediately before and following the attack, presents a question of fact as to their personal involvement that cannot be resolved at summary judgment. *See id.* at 9-10 (citing *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 428 (N.D.N.Y. 2009)). Neither party objected to Magistrate Judge Dancks' Order and Report-Recommendation.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights

merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, \*1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, \*1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted).

Having reviewed the Order and Report-Recommendation and the parties' submissions, the Court finds that Magistrate Judge Dancks correctly determined that the Court should deny Defendant Kirkwood and Reilly's motion for summary judgment. Plaintiff testified that, although

4

not positive that it was Defendants Kirkwood and Reilly that had tackled him into the wall, he believed that they had done it.  This, including their presence behind Plaintiff both before and after the alleged attack, is sufficient to create a question of fact, thereby precluding summary judgment.  *See Cusamano*, 604 F. Supp. 2d at 428.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 54) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 20, 2018
       Albany, New York

Mae A. D'Agostino
U.S. District Judge