**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JASON BRISMAN,**

                         **Plaintiff,**

    vs.                                             **9:15-CV-466
                                                           (MAD/TWD)**

**SERGEANT VOLPE,** *et al.*,

                         **Defendants.**

_____

**APPEARANCES:**                            **OF COUNSEL:**

**PHILLIPS LYTE LLP**                **LUKE B. KALAMAS, ESQ.**
1400 First Federal Plaza
28 East Main Street
Rochester, New York 14614
Attorney for Plaintiff

**PHILLIPS LYTE LLP**                **MARC H. GOLDBERG, ESQ.**
Omni Plaza
30 South Pearl Street
Albany, New York 12207
Attorney for Plaintiff

**OFFICE OF THE NEW YORK**      **MICHAEL G. MCCARTIN, AAG**
**STATE ATTORNEY GENERAL**     **MATTHEW P. REED, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

On April 17, 2015, Plaintiff Jason Brisman, an inmate in the custody of the New York State Department of Corrections and Community Supervision, commenced this action in the Northern District of New York, pursuant to 42 U.S.C. § 1983, asserting claims arising out of his

confinement at Auburn Correctional Facility. *See* Dkt. No. 1.[1] After initial review pursuant to 28

U.S.C. § 1915A, numerous claims and Defendants were dismissed. *See* Dkt. No. 9. However,

Plaintiff's First Amendment retaliation claims against Defendants Volpe, Travis, Reilly, Schell,

Kirkwood, and Lupo were found sufficient to survive initial review. *See id.* On February 9,

2018, Magistrate Judge Dancks issued an Order and Report-Recommendation recommending that

this Court deny Defendants Kirkwood and Reily's motion for summary judgment. *See* Dkt. No.

63. On March 20, 2018, this Court adopted Magistrate Judge Dancks' Order and Report-

Recommendation. *See* Dkt. No. 64.

Currently before the Court are the parties' motions *in limine*.

## II. BACKGROUND

The Court refers the parties to Magistrate Judge Dancks' February 9, 2018 Order and

Report-Recommendation denying Defendants' motion for summary judgment for a complete

recitation of the relevant facts. *See* Dkt. No. 64.

## III. DISCUSSION

**A.** **Motions** *in limine*

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on

the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2

(1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude

evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential

grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138,

*3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until

---

[1] The cited page numbers for docket entries in this Decision and Order refer to those assigned by the Court's electronic filing system ("ECF").

trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

In their motion *in limine* Defendants seek a ruling with respect to the admissibility of Plaintiff's First Degree Robbery conviction for impeachment purposes under Federal Rule of Evidence 609(a)(1)(A). *See* Dkt. No. 85 at 2. Plaintiff has opposed this motion. *See* Dkt. No. 96. In his motion, Plaintiff seeks a ruling on the following issues: (1) that the prejudicial effects of introducing any evidence of Plaintiff's convictions substantially outweigh any probative value; (2) that Defendants should be precluded from introducing evidence of Plaintiff's prison disciplinary history; and (3) that Plaintiff should be permitted to wear civilian clothing and not be required to wear shackles or restraints at trial. *See* Dkt. No. 92 at 1. Defendants oppose this motion only with respect to the admissibility of Plaintiff's First Degree Robbery conviction for impeachment purposes. *See* Dkt. No. 95.

**B.     Criminal Convictions**

Rule 609 of the Federal Rules of Evidence vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609(a) provides that:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> > (B) must be admitted in a criminal case in which the

3

> witness is a defendant, if the probative value of the
> evidence outweighs its prejudicial effect to that
> defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must
> be admitted if the court can readily determine that establishing the
> elements of the crime required proving – or the witness's admitting
> – a dishonest act or false statement.

Fed. R. Evid. 609(a).

"The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted). In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States. v. Hayes*, 553 F.2d 820, 828 (2d Cir. 1977)) (other citation omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)). "[C]rimes of violence generally have limited probative value concerning the witness's credibility' and . . . theft 'crimes have greater impeachment value[.]'" *Estrada*, 430 F.3d at 618 (quotation omitted).

In the present matter Defendants have only opposed Plaintiff's motion to exclude his criminal convictions with respect to his First Degree Robbery conviction, and only seek to admit

that conviction for the purposes of impeachment during cross examination. As to the first factor, although Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness' propensity to testify truthfully, all Rule 609(a)(1) felonies are not equally probative of credibility. *See Estrada*, 430 F.3d at 617-18. Plaintiff's conviction for First Degree Robbery is not particularly probative as to honesty and veracity. *See id.* (noting that convictions for violent or assaultive crimes generally do not relate to credibility); *see also Walker v. Horn*, 385 F.3d 321, 334 (3d Cir. 2004) (holding robbery is not a crime involving dishonesty).

As to the second factor, Plaintiff was convicted in 1995 and the conviction is now more than twenty years old. The Court finds that the second factor weighs in favor of excluding the impeachment testimony.

"The third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is." *Stephen v. Hanley*, No. 03-CV-6226, 2009 WL 1471180, \*5 (E.D.N.Y. May 21, 2009). On the other hand, a conviction for a crime that bears a close resemblance to actions alleged in the current case might cause "unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts." *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993). Here, Plaintiff claims that Defendants retaliated against him by assaulting him on two dates. Robbery is a crime of violence. *See Estrada*, 430 F.3d at 61. Admission of this past conviction could present a significant danger of unfair prejudice if any Defendants admit to a physical altercation, but suggest that it was initiated by Plaintiff. *See Tapp v. Tougas*, No. 05CV1479, 2018 WL 1918605, \*2 (N.D.N.Y. Apr. 20, 2018). Defendants' pretrial memorandum states that their position at this time is that the assault did not even take place. If Defendants maintain this position at trial, then

this factor would weigh in favor of admitting the robbery conviction. If, however, Defendants' position changes, then this factor would weigh in favor of excluding the robbery conviction. As such, this factor does not weigh in either direction at this time.

Finally, as to the fourth factor, Plaintiff's credibility is a central issue in this case. Therefore, this factor weighs in favor of admitting the conviction for impeachment purposes.

Based on the foregoing considerations, the Court finds that the probative value of the fact of Plaintiff's First Degree Robbery conviction, as well as the date and the sentence imposed, outweighs this evidence's prejudicial effect. However, the probative value of the name and nature of the conviction is substantially outweighed by the danger of unfair prejudice. Accordingly, evidence as to the date of Plaintiff's First Degree Robbery conviction and the sentence imposed is admissible; the name and nature of the conviction are not. *See Giles v. Rhodes*, No. 94 CIV. 6385, 2000 WL 1510004, *1 (S.D.N.Y. Oct. 10, 2000) (noting that "numerous courts have exercised their discretion to admit evidence of the fact that a witness has been convicted of a felony while barring evidence of the underlying details of the offense"); *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) ("In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense."); *United States v. Joe*, No. 07 Cr. 734, 2008 WL 2810169, *4 (S.D.N.Y. July 21, 2008) (holding that the government is restricted to inquiring about date of prior conviction and sentence imposed and precluded from inquiry into the statutory name of the offense or the facts underlying the conviction because "this detail poses a danger of unfair prejudice"); *Ramos v. Trifone*, No. 11-cv-679, 2015 WL 6509114, *5 (D. Conn. Oct. 28, 2015) (holding that the correctional officer defendants would only be permitted to introduce the date of the plaintiff's prior violent felonies and sentences imposed to impeach the plaintiff's credibility).

## C. Disciplinary History

Plaintiff seeks to preclude Defendants from introducing evidence of Plaintiff's prison disciplinary history. Defendants have not opposed this request. Given that Plaintiff's motion *in limine* did not provide any explanation as to the content of Plaintiff's disciplinary record or its potential relevance to this case, the Court is unable to make a ruling on this issue at this time. As such, Plaintiff's motion to exclude evidence or mention of his disciplinary record is denied without prejudice.

## D. Civilian Attire and Shackles During Trial

Plaintiff contends that he should not be required to wear shackles or restraints during the trial. Further, Plaintiff requests that he be permitted to wear civilian clothing during trial. Defendants have not opposed these requests. As such, Plaintiff's requests are granted. *See Outman v. Waldron*, No. 14CV540, 2016 WL 4435234, *3 (N.D.N.Y. Aug. 19, 2016). However, if there are any issues regarding Plaintiff's behavior at trial, the Court will reconsider its decision with regards to shackles.

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 85) is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 92) is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 3, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge